# United States Bankruptcy Court
## Eastern District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 23-10354-mdc |
| Christine Lane, | Chapter 13 |
| Debtor. | |

### Debtor's Motion for Sanctions for Violation of the Automatic Stay by CKS Prime Investments LLC

**AND NOW**, Debtor Christine Lane, by and through her attorney, hereby asks this court to enter an order imposing sanctions on Creditor CKS Prime Investments LLC (the "Creditor") for violating the automatic stay. In support of this motion, the Debtor states as follows:

1. The automatic stay took effect immediately when this case was filed under Chapter 13 on February 7, 2023.

2. Before this case was filed, the Creditor began prosecuting a claim against the Debtor in Philadelphia Municipal Court for a pre-petition debt. Exhibit A.

3. The Creditor and its counsel, Tsarouhis Law Group, were notified about the bankruptcy by the Bankruptcy Noticing Center on February 17, 2023. Exhibit B.

4. Notwithstanding its knowledge of the bankruptcy case, the Creditor continued prosecution of the municipal court action after this case was filed and allowed a judgment to be entered against the Debtor. Exhibit C.

5. The Creditor's actions violated the automatic stay, which prohibits a creditor from "continu[ing] . . . a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the [bankruptcy] case . . . ." 11 U.S.C.§ 362(a)(1). The violation was willful because the Creditor had actual knowledge of the stay and continued a judicial proceeding that was commenced before the commencement of the bankruptcy case.

6. The bankruptcy code allows a debtor to recover actual and punitive damages when the automatic stay is willfully violated. 11 U.S.C § 362(k)(1). To recover damages, a debtor must prove by a preponderance of the evidence (1) that the stay was violated, (2) that the violation was willful,

and (3) that the violation injured the debtor. *In re Porcoro*, 565 B.R. 314, 321 (Bankr. D.N.J. 2017). "Conduct that violates the automatic stay is willful if the creditor knew of the stay and if the creditor's conduct that violated the automatic stay was intentional." *In re Theokary*, 444 B.R. 306, 322 (Bankr. E.D. Pa. 2011). Punitive damages may be awarded for punitive and preventive purposes when a violation of the automatic stay is particularly egregious and more than a bare violation. *In re Wagner*, 74 B.R. 898, 903-04 (Bankr. E.D. Pa. 1987) (citing *Cochetti v. Desmond*, 572 F.2d 102 (3d Cir. 1978)).

7. Filing for bankruptcy can be a stressful event. When the Debtor filed this case, she did so with the intent of obtaining a fresh start. When she received a notice from state court that a judgment was entered against her, she was distressed that she may not have gotten the fresh start that she thought she had.

8. The Creditor's violation was particularly egregious. Despite having knowledge of the bankruptcy case, the Creditor allowed a judgment to be entered against the Debtor, which may show up on public record searches and credit reports.

9. The Debtor is entitled to recover compensatory damages because the Creditor's willful and egregious violation of the stay caused her actual damages in the form of anxiety and mental anguish. *Lansaw v. Zokaites*, 853 F.3d 657, 664 (3d Cir. 2017) (holding that the term "actual damages" in 11 U.S.C. § 362(k)(1) includes emotional distress).

10. The Court must also void the judgment entered against the Debtor.

**NOW, THEREFORE**, the Debtor asks this Court to grant relief in the form of order attached and to grant such other relief in her favor as may be necessary and proper under the law.

Date: March 12, 2023

CIBIK LAW, P.C.
*Counsel for Debtor*

By: /s/ Michael I. Assad
Michael I. Assad (#330937)
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
215-735-1060
mail@cibiklaw.com